BTK:CWE
F. #2021R01035

FILED
IN CLERK'S OFFICE
 US DISTRICT COURT E.D.N.Y.
\*   JANUARY 31, 2023   \*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

ANGEL ALMEIDA,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 21-613 (S-1) (RPK)

(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2), 924(d)(1), 2251(e), 2252(a)(4)(B), 2252(b)(2), 2253(a), 2253(b), 2422(b), 2428(a) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

### COUNT ONE
(Felon in Possession of a Firearm and Ammunition)

1. On or about November 23, 2021, within the Eastern District of New York and elsewhere, the defendant ANGEL ALMEIDA, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce a firearm, to wit: a loaded 9mm Taurus firearm bearing serial number ABM235774, and ammunition, to wit: 9mm caliber ammunition.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

### COUNT TWO
(Sexual Exploitation and Attempted Sexual Exploitation of a Child)

2. In or about and between July 2021 and December 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANGEL ALMEIDA did knowingly and intentionally employ, use, persuade, induce, entice and

coerce a minor, and attempt to do so, to wit: Jane Doe-1, an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(e) and 3551 et seq.)

## COUNT THREE
(Mann Act Coercion and Enticement and Attempted Coercion and Enticement)

3. In or about and between February 2020 and November 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANGEL ALMEIDA did knowingly and intentionally persuade, induce, entice and coerce an individual who had not yet attained the age of 18 years, and attempt to do so, to wit: Jane Doe-2, an individual whose identity is known to the Grand Jury, to engage in sexual activity for which a person could be charged with a criminal offense, to wit: sexual intercourse and sexual contact with a person who had not yet attained the age of 17 years by a person who was 21 years old or more, in violation of New York Penal Law Sections 130.20(2) (Sexual Misconduct) and 130.40(2) (Criminal sexual act in the third degree), using one or more facilities and means of interstate commerce.

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## COUNT FOUR
(Possession of Child Pornography)

4. In or about and between April 2021 and November 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANGEL ALMEIDA did knowingly and intentionally possess matter which contained one or more visual depictions, to wit: digital videos and images stored on: (i) a OnePlus cellular device assigned International Mobile Equipment Identity number ("IMEI") 990017120450826; (ii) a OnePlus cellular device assigned IMEI 990017121918474; (iii) a T-Mobile Alcatel/TCL REVVL 4+ cellular device assigned IMEI 015727002298330; and (iv) a Samsung Galaxy A21 cellular device assigned IMEI 352252553947178, that had been mailed, and had been shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

5. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924,

4

including but not limited to: (i) one loaded 9mm Taurus firearm bearing serial number ABM235774; (ii) one loaded magazine; and (iii) assorted ammunition, all of which were seized on or about November 23, 2021 from the defendant's residence in Queens, New York.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION<br>AS TO COUNTS TWO AND FOUR

7. The United States hereby gives notice to the defendant that, upon his conviction of the offenses charged in Counts Two and Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of: (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed,

5

shipped or received in violation of such sections; and (b) any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such offenses; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property, including but not limited to the following assets seized on or about November 23, 2021 from the defendant's residence in Queens, New York: (i) a OnePlus cellular device assigned IMEI 990017120450826; (ii) a OnePlus cellular device assigned IMEI 990017121918474; (iii) a T-Mobile Alcatel/TCL REVVL 4+ cellular device assigned IMEI 015727002298330; and (iv) a Samsung Galaxy A21 cellular device assigned IMEI 352252553947178.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT THREE

9. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires the forfeiture of (a) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, including but not limited to the following assets seized on or about November 23, 2021 from the defendant's residence in Queens, New York: (i) a OnePlus cellular device assigned IMEI 990017120450826; (ii) a OnePlus cellular device assigned IMEI 990017121918474; (iii) a T-Mobile Alcatel/TCL REVVL 4+ cellular device assigned IMEI 015727002298330; and (iv) a Samsung Galaxy A21 cellular device assigned IMEI 352252553947178.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428(a); Title 21, United States Code, Section 853(p))

A TRUE BILL

*May Beth Glickman*
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#:2021R01035

FORM DBD-34
JUN. 85

No. 21-CR-613 (S-1) (RPK)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

ANGEL ALMEIDA,

Defendant.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2), 924(d)(1), 2251(e), 2252(a)(4)(B), 2252(b)(2), 2253(a), 2253(b), 2422(b). 2428(a) and 3551 *et seq.*; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill,*

_____Mary Beth Gleekman_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

_____

*Chand Edwards-Balfour, Assistant U.S. Attorney (718) 254-6238*