```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

------------------------------X  Docket#
UNITED STATES OF AMERICA,     : 21-cr-00613(RPK)
                              :
                              :
     - versus -               : U.S. Courthouse
                              : Brooklyn, New York
ANGEL ALMEIDA,                :
                              : December 8, 2021
              Defendant       : 9:23 a.m.
------------------------------X

         TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
              BEFORE THE HONORABLE TARYN A. MERKL
                 UNITED STATES MAGISTRATE JUDGE
```

**A P P E A R A N C E S:**
**(VIA VIDEO/AUDIO)**


For the Government:        **Breon S. Peace, Esq.**
                           United States Attorney

                      BY:  **Chand Edwards-Balfour, Esq.**
                           Assistant U.S. Attorney
                           271 Cadman Plaza East
                           Brooklyn, New York 11201


For the Defendant:         **Michelle Gelernt, Esq.**
                           Federal Defenders of New York
                           One Pierrepont Plaza, 16th Fl.
                           Brooklyn, NY 11201




Transcription Service:     **Transcriptions Plus II, Inc.**
                           61 Beatrice Avenue
                           West Islip, New York 11795
                           RL.Transcriptions2@gmail.com




Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

                                                                    2
                          Proceedings
1            THE CLERK:  This is Criminal Cause for
2    Arraignment, docket 21-cr-613, *USA v. Almeida*.
3            Before asking the parties to state their
4    appearance, I would like to note the following.  Persons
5    granted remote access to proceedings are reminded of the
6    general prohibition against photographing, recording, and
7    re-broadcasting of court proceedings.  Violation of these
8    prohibitions may result in sanctions including removal of
9    court-issued media credentials, restricted entry to
10   future hearings, denial of entry to future hearings, or
11   any other sanctions deemed necessary by the Court.
12           Will the parties please state their appearances
13   for the record starting with the Government?
14           MR. EDWARDS-BALFOUR:  Good morning, everyone.
15   Good morning, your Honor.  Chand Edwards-Balfour on
16   behalf of the government.
17           THE COURT:  Good morning.
18           MS. GELERNT:  Good morning, your Honor.
19   Federal Defenders by Michelle Gelernt for Mr. Almeida
20   who's also joining us from the MDC.
21           THE COURT: Good morning, Ms. Gelernt.  And I
22   do note that I can see you, Mr. Almeida.  Can you hear me
23   okay, sir?
24           THE DEFENDANT:  Yes, your Honor.
25           THE COURT:  Very good.  So I take it that you

                                                                    3
                            Proceedings

1   are able to speak and understand English, sir?
2              THE DEFENDANT:  Yes, your Honor.
3              THE COURT:  Great.  It just makes it go a
4   little faster over Zoom.  So if at any point something is
5   said during these proceedings that you don't understand,
6   please let us know and we'll rephrase.  And if you need
7   an opportunity to talk with your attorney, let me know
8   that too and we'll make arrangements for you to speak to
9   her on a private line.  Okay, sir?
10             THE DEFENDANT:  Yes, your Honor.
11             THE COURT:  Very good.  So it's my
12  understanding that we're here today for an arraignment on
13  the indictment.  Is that correct, Mr. Balfour?
14             MR. EDWARDS-BALFOUR:  That is correct, your
15  Honor.
16             THE COURT:  All right. Before we get to that
17  though, sir, the first thing I need to do is address the
18  fact that we are proceeding by video teleconference.
19  Normally everybody participating in a proceeding such as
20  this would be in the courtroom together.  You would be
21  there with your lawyer, the attorney for the government
22  would be there, I would be there as well.  But as you
23  know, we're still dealing with COVID-19 and as a result
24  the number of proceedings that are being held in person
25  in the courthouse is still fairly limited at this time.

4

Proceedings

1  Congress has authorized us to proceed by way of video
2  teleconference, however, if you, the defendant agree.
3              So have you discussed proceeding by way of
4  video teleconference with your client, Ms. Gelernt?
5              MS. GELERNT:  Yes, your Honor.  We discussed it
6  at the initial arraignment.  We're not objecting at this
7  point.  Mr. Almeida is still under quarantine and we
8  don't want to do anything that's going to extend the
9  quarantine because it prevents me from visiting with him
10 in person, so we would consent to appearing by video.
11             THE COURT:  Makes sense.  And is that correct,
12 Mr. Almeida?  You have no objection to proceeding by
13 video today for this limited purpose?
14             THE DEFENDANT:  Yes, your Honor.
15             THE COURT:  Okay.  Very good.  So I have before
16 me an indictment, docket number 21-cr-613, that appears
17 to have been filed on December 3, 2021, a three-page
18 indictment.  Is that the correct document, Mr. Balfour?
19             MR. EDWARDS-BALFOUR:  Yes, your Honor, that's
20 correct.
21             THE COURT:  Thank you.  So Mr. Almeida, the
22 grand jury has returned an indictment.  Ms. Gelernt, have
23 you received a copy of the indictment I just identified?
24             MS. GELERNT:  Your Honor, I received a copy of
25 the indictment.  We would waive the formal public

                                                                5
                            Proceedings

1  reading.  I was able to review it this morning with Mr.
2  Almeida.  I'm satisfied that he understands the charges.
3  And we would ask that the Court enter a plea of not
4  guilty on his behalf.
5           THE COURT:  Absolutely.  So Mr. Almeida, your
6  attorney informs me that she went over the indictment
7  with you but it is my obligation to independently make
8  sure that you know what you've been charged with.
9           So the grand jury has returned a one-count
10 indictment charging you with being a felon in possession
11 of a firearm.  On or about November 23rd they allege that
12 you had a gun and that prior to that you had previously
13 been convicted of a crime punishable by more than one
14 year, otherwise known as a felony.
15          In addition to that single charge, the single
16 criminal charge, there is a criminal forfeiture
17 allegation seeking to take that firearm.
18          Do you understand the nature of the charge,
19 sir?
20          THE DEFENDANT:  Yes, your Honor.
21          THE COURT:  And I note for the record that your
22 attorney has entered a plea of not guilty on your behalf.
23          I also see that you are at the MDC and I assume
24 there's no change to that status, Ms. Gelernt, at this
25 time?

```
                                                                  6
                         Proceedings
 1            MS. GELERNT:  Not at this time, your Honor.
 2            THE COURT:  Okay.  I've been informed that the
 3   next status conference in this case before Judge Johnson
 4   will be January 5th at 10:30 a.m. is that what you have
 5   learned as well, Mr. Balfour?
 6            MR. EDWARDS-BALFOUR:  Yes, your Honor.  And the
 7   government would like to request an application to
 8   exclude time between now and then.
 9            THE COURT:  We'll get to that in a moment.  Mr.
10   Balfour, do you know whether this January proceeding is
11   in person or video?
12            MR. EDWARDS-BALFOUR:  My understanding it's a
13   teleconference call.
14            THE COURT:  Okay.  So hopefully he'll be out of
15   the quarantine by then and be able to have this
16   teleconference on January 5th.
17            Ms. Gelernt, have you discussed the possibility
18   of waiving time under the Speedy Trial Act with your
19   client?
20            MS. GELERNT:  I have, your Honor.  It's my
21   understanding that there's still a standing order
22   excluding time within the district until December 31st.
23   We're not objecting to an order of excludable delay until
24   January 5th.  We need time to review discovery and
25   negotiate with the government to see if this matter can
```

                                                                    7
                             Proceedings

1   be resolved in advance of trial.
2              THE COURT:  So thank you for that, Ms. Gelernt.
3   I agree with you there is a standing order excluding time
4   under COVID but I still want to make sure that the
5   defendant is aware of his rights under the Speedy Trial
6   Act and has been informed of them.  So if you're
7   representing that you don't object to the exclusion of
8   time until January 5th, we will go ahead and enter an
9   order of excludable delay excluding the time between now
10  and January 5th.
11             And Mr. Almeida, what that means is that the
12  Court wouldn't use the dates between today and January
13  5th in determining the deadline by which your case must
14  be brought to trial.  As your attorney indicated,
15  currently there is a standing order to exclude time
16  because of COVID.  It's hard to get trials scheduled
17  quickly.  So it's commonplace practice right now
18  unfortunately that we are excluding time on the basis of
19  COVID.  Your attorney has also indicated that she would
20  like time to review the discovery and discuss with the
21  government whether or not the case is going to go to
22  trial or be disposed of in another way.  And all of those
23  are bases on which I do find it appropriate to exclude
24  time under the Speedy Trial Act binding that it is in the
25  best interest of the public and the defendant to exclude

Proceedings
8

1  time on those grounds.
2           So with that, is there anything further that we
3  need to take up today, Mr. Balfour?
4           MR. EDWARDS-BALFOUR:  Nothing further from the
5  government, your Honor.  Thank you.
6           THE COURT:  Anything on behalf of the
7  defendant, Ms. Gelernt?
8           MS. GELERNT:  Your Honor, the only thing I
9  would ask is if it would be possible to speak with Mr.
10 Almeida privately after the conference.  I don't know if
11 the officer is still in the room with Mr. Almeida or if
12 the Court can somehow direct the MDC to allow us to speak
13 briefly.
14          THE COURT:  I don't know the security situation
15 where Mr. Almeida is.  Is there an officer with you, sir?
16          THE DEFENDANT:  No, ma'am.  He's outside of the
17 room.
18          THE COURT:  He stepped outside the room?
19          THE DEFENDANT:  Right.
20          THE COURT:  I have no objection about that, Ms.
21 Gelernt, if they deemed to safe to have him in the room
22 alone for this purpose.  I see no reason why that can't
23 be extended for a few minutes.  They may have another
24 call coming soon, so they may need to --
25          MS. GELERNT:  I understand.

                                                                    9
                         Proceedings
 1          THE COURT:  -- move things along.  And with
 2   that in mind, we'll move this along and be done if
 3   there's nothing further.
 4          MS. GELERNT:  Thank you, your Honor.
 5          THE COURT:  Very good.  We are adjourned.
 6   Thank you and stay safe everybody.  Take care.
 7          MR. EDWARDS-BALFOUR:  Thanks, your Honor.  You
 8   too.
 9          THE COURT:  Thank you.
10                  (Matter concluded)
11                         -oOo-
12
13
14
15
16
17
18
19
20
21
22
23
24
25

                    Transcriptions Plus II, Inc.

10

# C E R T I F I C A T E

     I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

     I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

     IN WITNESS WHEREOF, I hereunto set my hand this **19th** day of **June**, 2023.

*Mary Greco*
Transcriptions Plus II, Inc.