```
                                                                    1

 1                      UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - - - - X
 3
     UNITED STATES OF AMERICA,       : 21CR613(RPK)
 4                                   :
              Plaintiff,             :
 5                                   :
           -against-                 : United States Courthouse
 6                                   : Brooklyn, New York
     ANGEL ALMEIDA,                  :
 7                                   :
              Defendant.             : Tuesday, June 13, 2023
 8                                   : 10:00 a.m.
                                     :
 9                                   :
                                     :
10
     - - - - - - - - - - - - - - X
11
         TRANSCRIPT OF CRIMINAL CAUSE FOR A STATUS CONFERENCE
12              BEFORE THE HONORABLE RACHEL P. KOVNER
                   UNITED STATES DISTRICT JUDGE
13
                         A P P E A R A N C E S:
14
     For the Government:    UNITED STATES ATTORNEY'S OFFICE
15                            Eastern District of New York
                              271 Cadman Plaza East
16                            Brooklyn, New York 11201
                          BY:CHAND WARREN EDWARDS-BALFOUR, ESQ.
17                            Assistant United States Attorney

18

19   STAND BY CJA COUNSEL:

20   Law Office of Benjamin Silverman
         224 West 30th Street, Suite 302
21       New York, New York  1001

22

23   Court Reporter:    SOPHIE NOLAN
                           225 Cadman Plaza East/Brooklyn, NY 11201
24                         NolanEDNY@aol.com
     Proceedings recorded by mechanical stenography, transcript
25   produced by Computer-Aided Transcription
```

Proceedings                                                         2

(In open court.)

(The Hon. Rachel P. Kovner, presiding.)

(Defendant present.)

THE COURTROOM DEPUTY: *United States of America versus Angel Almeida.*

Counsel, please state your name for the record.

MR. EDWARDS-BALFOUR: Good morning, Your Honor. Chand Edwards-Balfour on behalf of the government with me Special Agent Nick Satwicz.

THE COURT: Good morning. We've got Mr. Almeida here. Do we have CJA counsel?

MR. SILVERMAN: Benjamin Silverman, CJA counsel, on standby.

THE COURT: Fantastic. And Mr. Almeida is obviously here. So when we were here last time, Mr. Almeida indicated he wanted to proceed pro se and I indicated I would conduct a Faretta inquiry. Mr. Almeida also made what I will describe as threatening statements to his counsel at that point, so I excused that attorney, but I asked that we have CJA counsel here because I would like to have somebody who can advise Mr. Almeida if he wants advice on the Faretta issue and because I want to discuss the question of competency and I want Mr. Almeida to have somebody to consult with about that and who can represent him if there's a competency proceeding and it goes forward.

1       Mr. Silverman, are you available for those purposes?
2       MR. SILVERMAN:  Yes, Your Honor.
3       THE COURT:  Mr. Almeida, if at any time you want to
4  take a break and consult with the attorney who I just
5  designated for those purposes, just let me know and I can give
6  you a break for that.
7       THE DEFENDANT:  I don't need an attorney.  They're
8  working with these cocksuckers.  You're acting stupid like you
9  don't know this shit.  Fuck, you used to be a prosecutor
10 yourself, pussy-ass ho.  Like, quit fucking playing with me
11 and get this shit done.  Hurry this shit up.
12      THE COURT:  All right, this is the second issue that
13 I wanted to take up which is yesterday -- or, I'm sorry, last
14 week when we were in court, Mr. Almeida made statements which
15 are just completely inappropriate for court to his attorney
16 and to spectators.
17      I think it's fair to characterize what you are
18 saying as similar; you can't curse in court or make insulting
19 statements to me.
20      THE DEFENDANT:  I don't give a fuck.
21      THE COURT:  Okay.  Let me explain to you, you're not
22 going to be able to represent yourself in this case and
23 conduct yourself in that way.  That's not an option.  So, if
24 you want to represent yourself in this case, you have to abide
25 by the rules of the Court.  I'm just telling you that.

Proceedings                                                          4

1    So if I allow you to represent yourself and you make
2    statements like that, I'm going to end your
3    self-representation.  You don't have a right to make
4    statements like that in court.  If you make statements like
5    that in court during the trial, whether or not you have an
6    attorney, I'm likely to have the marshals remove you from the
7    courtroom and the trial will go forward without you present;
8    okay?  So I just want you to understand that what you want to
9    do is up to you, but that's how I'm going to respond.
10   The next issue I wanted to take up in light of
11   Mr. Almeida's statements and the correspondence I received
12   from counsel is the issue of competency.  I think there was a
13   competency evaluation that was done at some point in this case
14   at the behest of prior counsel, but I don't know if there was
15   ever a competency evaluation that was shared with the Court.
16   This was when there was a different district judge assigned.
17   MR. EDWARDS-BALFOUR:  No, Your Honor, nothing was
18   shared from the Government related to that.
19   THE COURT:  Was that an evaluation that was done for
20   purposes of defense counsel and then defense counsel didn't
21   find a basis to follow up so far as we know?
22   MR. EDWARDS-BALFOUR:  That's my understanding.
23   Nothing had gotten to the point where they felt it was
24   advisable to share it with the Government.
25   THE COURT:  Okay, all right.  I'm going to talk to

1  Mr. Almeida as far as Faretta inquiry.  I'm thinking about
2  requesting a competency evaluation in this case based on
3  Mr. Almeida's demeanor and how he has been acting in court.
4  		Okay.  So let me go ahead and get started with the
5  questions I need to ask you, Mr. Almeida, before I can assess
6  whether it's appropriate for you to represent yourself in this
7  case.  You have a Constitutional right to be represented by an
8  attorney in this case at every stage of these proceedings.  Do
9  you understand that?  I need a verbal response from you.
10 		THE DEFENDANT:  Yeah.
11 		THE COURT:  Do you understand that if you're unable
12 to afford an attorney, I will appoint an attorney on your
13 behalf at no cost to you and, in fact, I have counsel here
14 today to consult you and be available for that purpose.  Do
15 you understand that?
16 		THE DEFENDANT:  Yeah.
17 		THE COURT:  Have you ever studied the law?
18 		THE DEFENDANT:  No.
19 		THE COURT:  Have you ever represented yourself in a
20 criminal case before?
21 		THE DEFENDANT:  No.
22 		THE COURT:  Okay.  How far did you go in school?
23 		THE DEFENDANT:  Tenth grade.
24 		THE COURT:  Where did you go to school?
25 		THE DEFENDANT:  I forgot.

```
                         Proceedings                          6

1           THE COURT:  What part of the country was it?
2           THE DEFENDANT:  Florida.
3           THE COURT:  Are you able to speak and understand
4    English?
5           THE DEFENDANT:  Yup.
6           THE COURT:  Have you ever been treated or
7    hospitalized for any type of mental illness?
8           THE DEFENDANT:  Elaborate.
9           THE COURT:  Have you ever been -- has a doctor ever
10   told you that you suffer from some kind of mental illness like
11   schizophrenia or bipolar disorder or depression or any other
12   kind of mental illness?
13          THE DEFENDANT:  I was diagnosed with schizophrenic
14   bipolar disorder, but I never took medication for it.
15          THE COURT:  When was that?
16          THE DEFENDANT:  2018.
17          THE COURT:  Are you currently taking any kind of
18   medication?
19          THE DEFENDANT:  Nope.
20          THE COURT:  Have you ever been treated or
21   hospitalized for any kind of addiction including drug or
22   alcohol addiction?
23          THE DEFENDANT:  Nope.
24          THE COURT:  Have you taken any kinds of drugs or
25   medicine or pills or had any alcoholic drinks in the past 24
```

1  hours?

2          THE DEFENDANT:  Nope.

3          THE COURT:  Is your mind clear today?

4          THE DEFENDANT:  I mean, what does that, like,

5  entail?

6          THE COURT:  Do you understand what's going on in

7  court today?

8          THE DEFENDANT:  I mean, pretty much, but it's a

9  waste of fucking time.  I'm trying to speed this shit up.  You

10 keep bringing me here for no fucking reason.

11         THE COURT:  Well, what is it that you think is going

12 on in court now?

13         THE DEFENDANT:  I been here 18 or 19 months with no

14 pleading or nothing and you keep dragging me back to court.

15 What's going on?

16         THE COURT:  What do you think the reason of today's

17 proceeding is?

18         THE DEFENDANT:  No fucking reason.  I mean by now

19 again, you said -- I already told you I'm not taking no

20 bitch-ass attorney, so I don't know how the fuck that's going

21 to work.  I told you three times the niggas been setting me up

22 and you're looking at me like I'm a fucking gook, like I don't

23 know what the fuck I'm talking about.

24         THE COURT:  Okay.  Let me go over the charges in

25 this case with you.  In Count One of this case in the

1  superseding indictment, you're charged with being a felon in
2  possession of a firearm.  Do you understand that?
3          THE DEFENDANT:  Yeah.
4          THE COURT:  The indictment also includes a
5  forfeiture allegation indicating the Government is seeking the
6  forfeiture of any firearm or ammunition involved in that
7  crime.  Do you understand that?
8          THE DEFENDANT:  No.
9          THE COURT:  You don't understand that?  What that
10 means is that if you were convicted of this crime and there
11 were a firearm, a gun, or ammunition that was involved in the
12 crime, the Government would try to forfeit that, meaning take
13 possession of it, take it away.  Do you understand that?
14         THE DEFENDANT:  Yeah.
15         THE COURT:  Do you understand that if you're found
16 guilty of this firearm charge, you could be sentenced to a
17 maximum term of imprisonment of up to ten years?
18         THE DEFENDANT:  Yup.
19         THE COURT:  In addition, if you are found guilty of
20 that charge, I may impose a period of supervised release of up
21 to three years.  That means a period of time when you would be
22 subject to supervision by the Probation Department following
23 any term of imprisonment.  You would have to follow the rules
24 of supervised release and if you didn't, you could be sent
25 back to jail for an additional period of up to two years

Proceedings                                                        9

without any credit for the time that you had spent in prison as a result of your sentence and for any credit spent on post-release supervision.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that if you are found guilty of the firearm charge, I could impose a maximum fine of $250,000 on that charge?

THE DEFENDANT:  Yup.

THE COURT:  Do you understand that if you're found guilty of that charge, I may order you to pay a mandatory special assessment of $100?

THE DEFENDANT:  Yup.

THE COURT:  Let's talk about Count Two of the superseding indictment.  That count charges you with sexual exploitation and attempted sexual exploitation of a child in violation of 18 United States code Section 2251.  Do you understand that?

THE DEFENDANT:  No.

THE COURT:  What is it that you don't understand about that?

THE DEFENDANT:  I don't understand how it applies to me.

THE COURT:  The indictment accuses you of in or about and between July of 2021 and December of 2021 in this district, you knowingly and intentionally employed, used,

1 persuaded, induced, enticed or coerced a minor and attempted
2 to do so; specifically that that applies to Jane Doe 1, and
3 you did those things to engage in sexually explicit conduct
4 for the purpose of producing one or more visual depictions of
5 such conduct; knowing and having reason to know that such
6 visual depictions would be transported and transmitted using
7 any means affecting interstate and foreign commerce, which
8 would affect interstate commerce; and that those visual
9 depictions were produced and transmitted using materials that
10 had been mailed, shipped, transported affecting interstate and
11 foreign commerce, meaning including by computer in which
12 visual depictions were actually transported and transmitted
13 using a means and facilitating interstate commerce.
14   So there's a bunch of stuff about commerce in there,
15 but the core of the charge is based on that, you persuaded or
16 coerced a minor to engage in sexually explicit conduct for the
17 purpose of producing one or more visual depictions of that
18 conduct, basically an image or a video.  That's what the
19 Government is accusing you of doing.  Do you understand that?
20   THE DEFENDANT:  No.
21   THE COURT:  What is it that you don't understand?
22   THE DEFENDANT:  I mean, again, I don't see how it
23 applies to me.  What the fuck do you even call a minor?  You
24 tell me what's a minor.
25   MR. EDWARDS-BALFOUR:  Below the age of 18.

Proceedings                                                    11

1    THE DEFENDANT:  How the fuck is that a minor if I
2 been going to jail since I was 14?  How the fuck that make
3 sense?  You tell me how that make sense.
4    THE COURT:  Well --
5    THE DEFENDANT:  You tell me how that makes sense.
6    THE COURT:  Well --
7    THE DEFENDANT:  I've been in lockup since I was 14.
8 You tell me how the fuck that make sense.  Ain't that child
9 abuse?  Come on now.  Y'all can is suck my fucking dick.
10 Y'all full of shit.  I don't listen to none of these morals,
11 none of these bullshit-ass ethics, man.  I'm a fucking beast,
12 nigga.  What the fuck you talking about, nigga?  I'm a god,
13 nigger.  I do whatever the fuck I want, nigga.  Fuck you.
14 Fuck America, nigga.  Fuck the law, nigga.  Straight up.
15    THE COURT:  Okay.  I think based on the proceeding
16 today and based on the last proceeding that we had, that I am
17 inclined to request a competency evaluation in this case.
18 That's how I'm planning to proceed.
19    Mr. Almeida, is that something you want to consult
20 with --
21    THE DEFENDANT:  I'm not talking to this bitch-ass
22 cracker, man.  None of these snow vultures, none of these
23 fucking come skins, nigga.  I don't know how many times I got
24 to fucking tell you that.  You think this shit's a joke, man?
25 I'll touch you too, nigga.  You lucky I'm in these fucking

Proceedings                                                12

1  cuffs though.  I swear to God, man.
2          THE COURT:  Okay.  Well, Mr. Almeida has to be
3  represented by counsel in connection with my decision due to
4  his --
5          THE DEFENDANT:  These niggas can suck my dick.  I
6  fucking told you that I represent my damn self.  You see me
7  talking, right?
8          THE COURT:  I do.
9          So, Mr. Almeida has to be represented by counsel in
10 connection -- when a competency proceeding is ongoing.  So,
11 I'm going to ask counsel to be Mr. Almeida's designated legal
12 representative in this case with the understanding that I know
13 that Mr. Almeida wants to proceed pro se, but I first have to
14 assure myself of his competency before I can allow him to do
15 that.  So what I'm planning to do at this point is to request
16 a competency evaluation.
17         Does either party want to be heard on that at this
18 point?  It sounds like Mr. Almeida does not want to consult
19 with his counsel before I do that.  But I'm happy to hear from
20 any other party on that.
21         MR. EDWARDS-BALFOUR:  Nothing from the Government,
22 Your Honor.
23         MR. SILVERMAN:  No, Your Honor.  Thank you.
24         THE COURT:  All right.  So, Mr. Almeida, I'm going
25 to ask a doctor to evaluate you to determine if you are

1  mentally competent because that is one of the legal
2  requirements before somebody can represent themselves; they
3  have to be mentally competent and I would like a doctor to
4  evaluate that question before I allow you to represent
5  yourself.  So I'll prepare an order to do that and I'll enter
6  it on the docket.
7           Anything else for us to take up today?
8           MR. EDWARDS-BALFOUR:  Yes, Your Honor, the matter of
9  excluding time.
10          THE COURT, so I think that there is an exclusion
11 that applies when a competency evaluation is ordered.  I'm
12 going to do that, I anticipate, today.  I think the
13 appropriate way to handle that is to rely on that exclusion.
14 Do you have a different view on that?
15          MR. EDWARDS-BALFOUR:  No, Your Honor.
16          THE COURT:  Is there anything else anyone wants to
17 take up today?
18          MR. SILVERMAN:  Over Mr. Almeida's objection, I will
19 assume the role of appointment, notwithstanding any lack of
20 communications that may occur over the coming months.
21          THE COURT:  Thanks all.  I appreciate that and I
22 anticipate that it's possible that it will be a short-term
23 appointment if Mr. Almeida is deemed confident to represent
24 himself and he decides he wants to do that.  We are adjourned.
25          (Matter adjourned.)