

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EDP:CWE/TBM/ANR
F. #2021R01035

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 5, 2023

By ECF and Email

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Angel Almeida
       Criminal Docket No. 21-613 (S-1) (RPK)

Dear Judge Kovner:

    The government respectfully submits this letter in response to the Court's September 22, 2023 Order, directing the parties to file letters concerning the Court's provisional determination that (1) the defendant is competent to stand trial, and (2) notwithstanding the defendant's lack of cooperation with counsel, the defendant cannot proceed pro se because of the defendant's unwillingness to follow court rules, making it impossible for the Court to conduct a Faretta inquiry and to determine if the defendant knowingly and voluntarily waives counsel. For the reasons described below, the defendant has waived the defendant's right to proceed pro se, and the Court properly ordered that counsel represent the defendant during trial.[1]

    A defendant who refuses to answer the relevant Faretta questions, depriving the Court of its ability to assess his or her pro se request, may lose the right to self-representation. United States v. Hausa, 922 F.3d 129, 132–35 (2d Cir. 2019); Davis v. Grant, 532 F.3d 132, 143 (2d Cir. 2008) ("[A] judge may use willingness and ability to abide by courtroom protocol as prerequisites for accepting a defendant's waiver of his right to counsel."); Clark v. Perez, 510

---

[1] Based, in part, on a competency evaluation performed by a licensed psychologist, which opined that the defendant is competent to stand trial and which the parties have not objected to, this Court tentatively found the defendant competent to stand trial. However, because the defendant did not allow the Court to finish its Faretta inquiry as a result of the defendant's obstructionist conduct, the Court could not determine whether the defendant is capable of self-representation. Accordingly, this response only addresses the whether the Court shall appoint counsel to represent the defendant over the defendant's objections.

F.3d 382, 395 (2d Cir. 2008) (reasoning that "[a] trial court may deny the right to act pro se where the defendant deliberately engages in serious and obstructionist misconduct, or is not able and willing to abide by rules of procedure and courtroom protocol"). In Hausa, the Second Circuit held that despite being competent to stand trial, the defendant waived his right to self-representation after three attempted Faretta inquiries, where the defendant refused to answer the district court's questions and disrupted the court's proceedings. Id. at 136. Similarly, here, the defendant's abusive and disruptive behavior, and refusal to answer questions in multiple conferences, including two Faretta inquiries, prevented the Court from assessing the defendant's purported waiver of the right to counsel and thus prevented the Court from assessing the defendant's understanding of the risks of self-representation. Some of the defendant's obstructionist and disruptive behavior is recounted below.

******

On June 8, 2023, the defendant invoked the right to self-represent at trial. When the Court inquired about then-defense counsel Samuel Gregory's ability to serve as standby counsel, the defendant stated, "No, I'm not taking this n*****. This n***** is a straight b****. I'm not taking his f***** crap, bro. That s*** is dead. That s**** is f***** dead. I'd smack the s*** out of this n**** if I wasn't in cuffs. I'm not taking this n*****." June 8, 2023 Transcript ("Jun. 8. Tr.") at 4:13–17. In response, the Court explained to the defendant, "if you are going to represent yourself in this case, you can't be talking about people that way. You can't be threatening." Id. at 4:18–20. The defendant indicated the defendant understood. Id. at 4:21–22. Then the Court informed the defendant that at the next conference the Court would engage in a Faretta inquiry, "to go through with you to talk about whether you want to represent yourself and give you the information you need to know before making that decision." Id. at 4:24–5:2. The Court subsequently excused the defendant's then-appointed counsel from the case.

On June 13, 2023, the Court attempted its first Faretta inquiry with the defendant. At the beginning of the conference the Court appointed new counsel, Benjamin Silverman, to advise the defendant during the Faretta inquiry and to represent the defendant regarding any potential competency proceedings. After being informed that the defendant could consult with the attorney designated for those limited purposes, the defendant had a disruptive outburst. The defendant said, "I don't need an attorney. They're working with these c***s*****s. You're acting stupid like you don't know this s***. F***, you used to be a prosecutor yourself, p****-a** h*. Like, quit f****** playing with me and get this s*** done. Hurry this s*** up." June 13, 2023 Transcript ("Jun. 13. Tr.") at 3:7–11. The Court told the defendant, "you can't curse in court or make insulting statements to me," and in response the defendant said, "I don't give a f***." Id. at 3:17–20. The Court then explained to the defendant, "you're not going to be able to represent yourself in this case and conduct yourself in that way. That's not an option. So, if you want to represent yourself in this case, you have to abide by the rules of the Court. I'm just telling you that." Id. at 3:21–25. The Court continued:

> So if I allow you to represent yourself and you make statements like that, I'm going to end your self-representation. You don't have a right to make statements like that in court. If you make statements like that in court during the trial, whether or not you have an attorney, I'm likely to have the marshals remove you from the

> courtroom and the trial will go forward without you present; okay?
> So I just want you to understand that what you want to do is up to
> you, but that's how I'm going to respond.

Id. at 4:1–9.  After the Court asked a few questions as part of the Faretta inquiry, the defendant engaged in another disruptive outburst.  Specifically, after the government explained that a person who is below the age of 18 is a minor, the defendant stated, among other things:

> Y'all can [ ] suck my f****** d***.  Y'all full of s***.  I don't listen
> to none of these morals, none of these bulls***-a** ethics, man.  I'm
> a f******* beast, n****.  What the f*** you talking about, n****?
> I'm a god, n*****.  I do whatever the f*** I want, n****.  F***
> you.  F*** America, n****.  F*** the law, n****.  Straight up.

Id. at 11:7–14.  When the Court stated that it was inclined to request a competency evaluation and asked if the defendant wanted to consult an attorney, the defendant stated:

> I'm not talking to this b****-a** cracker, man.  None of these snow
> vultures, none of these f****** come skins, n****.  I don't know
> how many times I got to f****** tell you that.  You think this s***'s
> a joke, man?  I'll touch you too, n****.  You lucky I'm in these
> f****** cuffs though.  I swear to God, man. . . .  These n***** can
> suck my d***.  I f****** told you that I represent my damn self.
> You see me talking, right?

Id. at 11:21–12:14.  The Court ended the conference and ordered a competency evaluation.  When the defendant was being escorted from the courtroom at the conclusion of the hearing by the United States Marshals, the defendant spat on a member of the public sitting in the gallery of the courtroom.

On September 21, 2023, the Court held another conference to determine the defendant's competency to stand trial and next steps for the case.  The Court tentatively found that the defendant was competent to stand trial.  September 21, 2023 Transcript ("Sep. 21. Tr.") at 13:25–14:11.  However, before the Court was able to engage the defendant in a Faretta inquiry, the defendant again became abusive and obstructionist.  In response, the Court again explained the Faretta inquiry process to the defendant:

> So my intention today is to set a date for trial.  There are a bunch of
> things that I have to do today.  If you intend to represent yourself at
> trial, one of those things is to go through a set of questions to
> determine if you are knowingly and voluntarily waiving your right
> to have an attorney, and I hear you loud and clear that that's what
> you want to do, but I have a concern that if you are proceeding as
> your own lawyer, you are going to need to follow the rules of court.
> And if I determine that you are not going to do that, that you are
> going to curse at people in court and you are going to threaten people
> in court, I'm not going to let you proceed pro se . . . .  My hope

3

would be that if it's your desire to proceed pro se that we can go through the Faretta inquiry and that I will determine, based on that, that you understand what you are doing and determine based on that that you can actually follow the court rule, including not cursing at people and not threatening people. And if I'm able to make that determination based on what you say in court, then I will let you represent yourself in this case and we will set a date for trial. That's how I'm viewing where we are.

Id at 9:25–10:22. However, the defendant did not stop the defendant's obstructionist behavior and frustrated the Court's ability to assess the defendant's purported waiver of counsel with further inappropriate behavior. Some of the defendant's misconduct included: threatening the Court and the defendant's attorney, id at 12:4–13, using abusive language toward the Court and others in the courtroom, id. at 12:24–13:19, and throwing the defendant's own shoe at defense counsel, despite being restrained by shackles, id at 23:10–15.

******

The defendant's persistent obstructionist conduct—which included acts of violence toward his own attorney and threats against both defense counsel and the Court—and which have resulted in the defendant being removed from the courtroom from numerous proceedings, demonstrate that the defendant is unwilling to follow basic courtroom rules of procedure and decorum, and has prohibited the Court from conducting a Faretta inquiry. Accordingly, the Court appropriately found that the Court could not determine that the defendant had knowingly and voluntarily waived the defendant's right to counsel, and thus could not proceed pro se. See Hausa, 922 F.3d at 136; Davis, 532 F.3d at 143; Clark, 510 F.3d at 395.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/
Chand Edwards-Balfour
Tara McGrath
Antoinette N. Rangel
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of Court (by email)
      Defense counsel (by email)

4