LAW OFFICE OF
# BENJAMIN SILVERMAN
224 WEST 30TH ST., SUITE 302
NEW YORK, NY 10001

TEL (212) 203-8074
FAX (646) 843-3938
Benjamin@bsilvermanlaw.com

November 2, 2023

**BY ECF**
The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Almeida*, 21 Cr. 613 (RPK)

Your Honor:

I write to request until November 14 to respond to the government's November 2, 2023 request for a so-ordered subpoena that will violate Angel Almeida's Fifth Amendment rights and applicable privacy laws, including the Health Insurance Portability and Accountability Act.

The Court *sua sponte* initiated the competency evaluation process before counsel was appointed. When the undersigned was appointed, there was no standby counsel and the Court had just adjourned the first *Faretta* hearing awaiting the evaluation's results. As described in our October 5 letter, following the rather extraordinary conference on September 21, counsel became increasingly alarmed that the evaluation produced by MDC did not correctly describe the situation we were witnessing; we consulted with an independent expert and disclosed concerns that he raised to the government and the Court (Dkt. 57); and we requested time for a supplemental evaluation in the manner described in that letter (*id.*). On October 12, the Court ordered BOP to do observational analysis, which requires transfer to Butner or a similar facility, and, in the meantime, the parties are jointly endeavoring to facilitate another competency evaluation in New York. As of today, the defense has not made any motion other than to continue the evaluation because the report produced by the MDC is materially deficient. *See* 10/11/23 Tr. at 15.

The government first submitted its request for a subpoena for sensitive mental health records by email on October 18. Responding to counsel's inquiry, it explicitly declined to provide authority or justify its request. *See* Dkt. 66 at 2. We objected, noting that the government had not shared why it believed the application was appropriate; we requested an opportunity to respond if or when it did. Dkt. 66 at 8. The Court denied the government's request without prejudice nine days ago on October 24.

The government's letter of late today renews its request to subpoena a criminal defendant's mental health records[1] and, for the first time, provides arguments to support it – albeit ones that mischaracterize the record and procedural history, misstate important legal issues, and mischaracterize the defense's arguments before attacking strawmen. The government had an indefinite period to renew its request and waited ten days. The defense requests a like amount of time, accounting for the fact that the tenth day lands on a weekend.

Although we do not want to minimize the extent to which this motion litigation consumes the Court's and the parties' time, it is not delaying the ongoing evaluation because the defense is independently obtaining the relevant records and will provide them to the relevant parties as necessary and appropriate. In that event, it may well be that the only live issue will be the defense's ability to place our client's HIPAA-protected information within the purview of a protective order to stop the government from sharing it with sensationalist media – a point in our October 30 letter (Dkt. 66 at 5) that the government declines to address. The bottom line is that this motion practice about the government's novel and improper subpoena is not delaying the competency evaluation that the Court ordered BOP and Dr. Loeb to conduct, the latter at the request of both parties. Nor is it interfering with Angel Almeida's position on the waitlist for Butner. The government's delay in renewing its application underscores the lack of urgency. But the seriousness and importance of the issues and rights at stake warrants a careful response.

For the foregoing reasons, we respectfully request until November 13 to respond to the government's application. Thank you for your consideration.

                                          Respectfully submitted,

                                          /s/ Benjamin Silverman
                                          Benjamin Silverman
                                          Michael Vitaliano
                                          *Attorneys for Angel Almeida*

cc: Counsel of record (by ECF)
    Angel Almeida (by U.S. mail)

---

[1] As we have previously noted, we will not know until we review these records whether they contain compelled custodial statements, *e.g.*, statements made in response to a state-ordered competency evaluation. If they do, then the Fifth Amendment problems will be heightened even further.