

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

EPK:CWE/TBM/ANR
F. #2021R01035

August 14, 2025

<u>By ECF and Email</u>

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Angel Almeida
      <u>Criminal Docket No. 21-613 (S-1) (RPK)</u>

Dear Judge Kovner:

  The parties respectfully submit this letter to address the scope of the issues to be addressed at the competency hearing scheduled for August 25, 2025, at 10:00 a.m., and to request that the hearing take place at least part by video conference.

  At the hearing, defense counsel does not intend to contest the Bureau of Prison's finding that the defendant is presently incompetent to proceed to trial. Rather, defense counsel intends to contest the finding that there is not a substantial probability that in the foreseeable future the defendant will be restored to competency. See 18 U.S.C. § 4241(d). Accordingly, the government intends to call the defendant's treating doctor at FMC Devens, Dr. Dean Cutillar, a psychiatrist, who can advise on the defendant's psychopharmacological treatment. At this time, the government does not intend to call Dr. Miriam Kissin, a forensic psychologist, who issued the July 8, 2025, report finding the defendant incompetent.[1] Defense counsel intends to call Dr. Xavier Amador, a clinical forensic psychologist.

  Defense counsel requests that the defendant be permitted to attend the hearing by video conference, to avoid the need to transport the defendant from FMC Devens, a lengthy process, and to ensure the defendant does not lose his spot at FMC Devens, for which there is a

---

[1] To the extent the Court would nonetheless like to hear testimony from Dr. Kissin, she is available on August 25, 2025, at or after 2:30 p.m., for a remote appearance, but is unable to appear in person on August 25, 2025.

waitlist. Defense counsel further requests that Dr. Amador be permitted to testify remotely. The government has no objection. However, to the extent Dr. Amador testifies remotely, the government would request that Dr. Cutillar likewise be permitted to testify remotely, to which the defendant has no objection. If all witnesses testify remotely, and if agreeable to the Court, the parties are open to the entire hearing taking place by video conference.

The parties remain available should the Court have any further questions.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     /s/
Chand Edwards-Balfour
Tara B. McGrath
Antoinette N. Rangel
Assistant U.S. Attorneys
(718) 254-7000

cc:     Clerk of Court (by ECF and email)
        Defense Counsel (by ECF and email)